UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4116 CAS (FEMx) | Date | June 6, 2012 |
|---|---|---|---|
| Title | BRENDA POWELL v. DEUTSCHE BANK NATIONAL TRUST COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** (In Chambers:) **PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** (filed 5/25/2012)

## I.  INTRODUCTION

On July 27, 1999, plaintiff Brenda Powell purchased real property located at 317 Ladera Street #2, Santa Barbara, CA, 93101 ("Property") through an adjustable rate loan in the amount of $236,800.  Def. Request for Judicial Notice ("RJN"), Exhs. 1, 2. Plaintiff refinanced her mortgage on three separate occasions, culminating in a fourth adjustable rate loan in the amount of $442,000 executed in February 2005.  Id. Exh. 5.

Plaintiff defaulted on her loan in early 2008.  On January 14, 2008, plaintiff was offered and accepted a loan modification agreement.  Id. Exh. 7.  Plaintiff thereafter defaulted on her modified loan and a notice of default was recorded against the Property on May 26, 2011.  Id. Exh. 10.  On August 22, 2011, a notice of sale was recorded, scheduling a foreclosure sale for September 19, 2011.  The sale was completed on September 21, 2011, and the resulting trustee's deed upon sale was recorded on September 26, 2011.  Id. Exhs. 11, 12.

On October 17, 2011, Deutsche Bank filed an unlawful detainer action in Santa Barbara County Superior Court.  On January 31, 2012, plaintiff filed for bankruptcy. TRO App. at 5.  Judge de Bellefeuille of the Superior Court granted summary judgment in favor of Deutsche Bank in its unlawful detainer action by order dated January 12, 2012, filed on February 6, 2012.  See Deutsche Bank Supp. Opp'n, Exh. 1.  Judge de Bellefeuille issued it a writ of possession for the Property on February 14, 2012.  Id.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4116 CAS (FEMx) | Date | June 6, 2012 |
|---|---|---|---|
| Title | BRENDA POWELL v. DEUTSCHE BANK NATIONAL TRUST COMPANY; ET AL. | | |

Exh. 3.  On April 11, 2012, Deutsche Bank was granted relief from the automatic stay that had gone into effect when plaintiff filed for bankruptcy.  Id., Exh. 4.

Before Deutsche Bank executed its writ, plaintiff filed the instant action in Santa Barbara County Superior Court on April 24, 2012, along with an application for a TRO seeking to enjoin defendants Deutsche Bank, American Home Mortgage Servicing, Inc., and Direct Funding from executing the writ of possession.  Judge Geck of the Superior Court granted plaintiff's application for a TRO on May 3, 2012, and set an expiration date of May 24, 2012.  On May 11, 2012, defendants removed the action to the Central District of California.  On May 23, 2012, the presiding judge extended the state court's TRO until May 27, 2012.  On May 24, 2012, the presiding judge recused himself from the matter and it was reassigned to this Court.  The Court held a hearing on the matter on June 1, 2012.

## II.   DISCUSSION

The Court finds that it lacks jurisdiction to grant a TRO.  Judge Geck's order granting plaintiff's application for a TRO appears to have been issued in excess of her jurisdiction, because "[o]ne department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court." Ford v. Sup. Ct., 188 Cal. App. 3d 737, 741–42 (Cal. Ct. App. 1986); see also Geddes v. Sup. Ct., 126 Cal. App. 4th 417, 425–26 (Cal. Ct. App. 2005) ("Generally, one trial judge may not review the ruling of another trial judge because the superior court, although comprised of many judges, is a single court.").  Here, although the TRO application was filed in a separate case from the unlawful detainer action, Judge Geck's order granting the TRO functionally prohibited defendants from executing their writ of possession which was acquired by way of judgment in the unlawful detainer action.  Plaintiff does not contend that she appealed the first judge's order granting summary judgment in the unlawful detainer action, and indeed the fact that a writ of possession issued demonstrates that her time to appeal had run.  See Cal. Code Civ. P. § 712.010 ("*After entry of a judgment* for possession or sale of property, a writ of possession or sale shall be issued by the clerk of court . . . .") (emphasis added); PMS Distrib. Co., Inc. v. Huber & Suhner, A.G., 863 F.2d 639, 640 (9th Cir. 1988) ("[T]he grant of a writ of possession is not an appealable final order.").  Thus, Judge Geck's order granting plaintiff's TRO application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-4116 CAS (FEMx) | Date | June 6, 2012 |
|---|---|---|---|
| Title | BRENDA POWELL v. DEUTSCHE BANK NATIONAL TRUST COMPANY; ET AL. | | |

appears to have enjoined "the judicial act" of Judge de Bellefeuille. Ford, 188 Cal. App. 3d at 741–42.

Accordingly, Judge de Bellefeuille's order granting summary judgment in favor of Deutsche Bank controls, and the Court lacks jurisdiction to overturn or infringe upon that ruling or the subsequent issuance of the writ of possession. See 28 U.S.C. § 1738 ("The records and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . ."); Int'l Evangelical Church of Soldiers of the Cross of Christ v. Church of the Soldiers of the Cross of Christ of the State of California, 54 F.3d 587, 590 (9th Cir. 1995) ("[T]he Full Faith and Credit Act, 28 U.S.C. § 1738, requires us to give the same preclusive effect to a state-court judgment as another court of that State would give.") (internal quotation marks and citations omitted).

### III. CONCLUSION

For the foregoing reasons, plaintiff's application for a TRO is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |